IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| PROGRESSIVE MOUNTAIN INSURANCE COMPANY, | * * * * | |
| Petitioner, | * * | CV 121-114 |
| v. | * * | |
| TODD TASWELL, | * * | |
| Respondent. | * | |

**ORDER**

Before the Court is Petitioner's motion for default judgment. (Doc. 20.) Petitioner initiated this action under 28 U.S.C. § 2201(a), seeking a declaratory judgment that it owed no duty to defend or indemnify any Respondent for claims arising out of a February 27, 2020 vehicle accident.[1] (Doc. 1, at 1, 6, 14, 16, 18.) Having obtained a certificate of default against Respondent Todd Taswell ("Respondent") on October 20, 2021, Petitioner now moves for entry of default judgment against the same. (Docs. 19, 20.) Respondent has not responded to the motion. For the reasons that follow, Petitioner's motion is **GRANTED**.

---

[1] The Court notes that all other respondents in this action have been dismissed by consent. (Docs. 17, 22.) Respondents Paul Davis, Davis Appliance Repair, Inc., Davis Appliance Services, Inc. d/b/a/ Davis Appliance & Furniture, and Javoris Reid have "waive[d] any and all defenses to Petitioner's allegations in the Petition for Declaratory Judgment" and "stipulate[d] that they will be bound by this Court's determination with respect to the coverage issue raised in the Petition." (Doc. 16.) Accordingly, Respondent Taswell is the lone remaining respondent in this action.

## I. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 55, a court may enter default judgment against a Respondent when (1) both subject matter and personal jurisdiction exist, (2) the allegations in the complaint state a claim against the Respondent, and (3) the Petitioner shows the damages to which it is entitled. See Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356-58 (S.D. Ga. 2004). "[A] [respondent's] default does not in itself warrant the court in entering a default judgment." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Default judgment is merited only "when there is a sufficient basis in the pleadings for the judgment entered." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (citation and internal quotation marks omitted). And although a "defaulted [respondent] is deemed to admit the [petitioner's] well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. (citation and internal quotation marks omitted).

### B. Analysis

The Court turns to Petitioner's motion for entry of default judgment. The Court first addresses whether it has jurisdiction over this action before proceeding to the merits of the motion.

1. Jurisdiction

At the outset, Petitioner requests entry of default judgment under Rule 55(b)(2). Under that rule, "the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). Before entering default judgment, the Court must ensure it possesses subject matter jurisdiction over the case and that Respondent is subject to personal jurisdiction. Here, the jurisdictional requirements are satisfied. Petitioner seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and there is complete diversity between the parties, granting the Court subject matter jurisdiction over those claims.

As for personal jurisdiction, Petitioner alleges that Respondent resides in the state of Georgia. (Doc. 1, ¶ 1.) Petitioner personally served Respondent, alleges the subject accident occurred in Augusta, Georgia, and alleges Respondent is subject to the venue of this Court. (Id. ¶¶ 1, 15.) Thus, the Court has personal jurisdiction.

2. Liability

Finding the jurisdictional requirements satisfied, the Court addresses Petitioner's claim for default judgment. Petitioner seeks a declaratory judgment against Respondent that the subject vehicle was not an "insured auto" under Progressive Commercial Auto Policy No. 01178349-0 (the "Policy"); that Respondent Javoris Reid was not an "insured" at the time of the accident because he

3

was not operating an "insured auto"; and that Petitioner owes no duty to Respondent Reid for any claims arising from the accident because of his failure to comply with the Policy's duty to cooperate. (Id. ¶¶ 19, 28-54.)

Petitioner's well-pleaded allegations of fact are as follows. Respondent Reid was operating the subject vehicle on the premises of Davis Repair and/or Davis Services, located at 3285 Deans Bridge Road, Augusta, Georgia 30906, when he struck Respondent. (Id. ¶ 15.) Respondent was crouched down such that Respondent Reid reported he could not see Respondent at the time of the accident. (Id. ¶¶ 16-17.) Respondent allegedly sustained bodily injury as a result of the accident. (Id. ¶ 18.) Respondent Davis Repair was a named insured on the Policy, which provided liability coverage for bodily injury in a combined single limit of $1,000,000; the Policy does not, however, list the subject auto. (Id. ¶¶ 19-21.) Respondent subsequently filed suit in the State Court of Richmond County, Georgia, alleging negligence and vicarious liability causing damages in the amount of $519,888.00. (Id. ¶¶ 24-27.) The Policy states it will "pay damages for bodily injury for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of an insured auto." (Id. ¶ 30 (alterations and quotations omitted).) The subject vehicle was not listed on the Policy's declarations page. (Id. ¶ 32.) Petitioner also claims Respondent Reid is not

4

an "insured" under the Policy, as he was not listed in the Policy and was not operating an insured auto at the time of the accident. (Id. ¶ 45.) Finally, Petitioner states that the Policy required a person seeking coverage to allow Petitioner to take his signed and recorded statements, including sworn statements and examinations under oath; however, although it sent notice to Respondent Reid that Petitioner would take his examination under oath in June 2021, Respondent Reid failed to appear and accordingly failed to comply with the Policy, which is a condition precedent to coverage. (Id. ¶¶ 50-54.) Petitioner states it therefore owes no duty to defend or indemnify Respondent Reid. (Id. ¶ 55.)

Respondent has failed to serve any response to Petitioner's pleadings, and therefore the Court deems every well-pleaded factual allegation as true. Based on these facts, the Court finds Petitioner owes no duty of coverage to Respondent for any claims arising from the subject accident. Specifically, the Court deems true, for purposes of Petitioner's motion against Respondent, Petitioner's allegations that the subject vehicle was not listed on the Policy's declarations page and that it did not insure all vehicles owned and used by Davis Repair; that Respondent Reid was not operating an insured auto at the time of the accident and has not been alleged to be vicariously liable for the actions of any insured person; and that Respondent Reid failed to appear for his examination under oath. (Id. ¶¶ 28-54.) Based on these admitted

allegations, the Court finds the subject vehicle does not qualify as an insured auto under the Policy and that no insured is alleged to be responsible for the subject accident; thus, Petitioner owes no coverage or duty to Respondent in this case.

Accordingly, default judgment is proper and Petitioner's motion must be **GRANTED**. The Court further notes that the other respondents in this case, including Respondent Reid, have been dismissed from the action without prejudice. (Docs. 17, 22.) Because Respondent is the only remaining respondent in this case and default judgment is proper, Petitioner's motion for summary judgment (Doc. 23) is **DENIED AS MOOT**.

## II. CONCLUSION

For the foregoing reasons, Petitioner's motion for entry of default judgment (Doc. 20) is **GRANTED**. Petitioner's motion for summary judgment (Doc. 23) is **DENIED AS MOOT**. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Petitioner against Respondent, **TERMINATE** any remaining motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of April, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA